## PENNSYLVANIA RAILROAD CO v FARRELL, Admrx.

Ohio Appeals, 5th Dist, Stark Co

No 1206.   Decided Oct, 1931

Burt, Kinnison, Carson & Shadrach, Canton, for plaintiff in error.

Amerman & Mills, Canton, for defendant in error.

**LEMERT, J.**

Plaintiff in error comes into this Court upon the sole question and proposition that decedent was guilty of contributory negligence and that his administratrix is not entitled to damages.

It is to be noted that the time the decedent met his death was in broad daylight and a clear morning. Farrell, approaching from the north, turned east on Maryland Avenue and followed its course along the north side of the tracks, made a right turn to the south at the crossing, drove around and on to the tracks, going between the two sections of the divided freight train on to track No. 2, where his automobile was struck by the passenger train from the west.

An ordinance of the City of Canton fixing the speed of trains at twenty miles an hour was stipulated by counsel for both sides to be in effect at the time, and the unquestioned evidence was that the train was running somewhat in excess of the ordinance limit.

It was claimed by plaintiff in the Court below that the driver's view was obstructed by the west portion of the split train, and the evidence as to how far the first car was located west of the crossing varied from a point just beyond the crossing to twenty-five or thirty feet. There is no doubt as to the physical characteristics of this crossing; or that the view to the west was partly obscured by the freight train; or as to the track upon which the passenger train was running; or that the automobile was struck by the left from portion of the pilot of the locomotive; or that the driver was instantly killed as a result of the collision.

The main and principal question made in this Court has to do with the location of the crossing watchman. We note from the record that seven witnesses testified on that question in the trial of the case in the Court below; from a careful examination of the record that when the decedent Farrell drove onto the crossing, his view was partially obscured, and that a watchman was standing in his path on the crossing, with a stop sign for his protection. So the question arises, can a motorist drive on to a grade crossing under such circumstances, into the path of an oncoming train, and be heard to say that his conduct did not contribute to the slightest degree to his injury? It has been held repeatedly in Ohio and other jurisdictions that:

"A disregard of a flagman has been held to be contributory negligence although defendant running at a speed in excess of ordinance.
208 S. W., 895"

While it is claimed on the part of defendant in error that the view of the approaching train was partly obscured at this crossing, conceding that to be the fact, we believe that this being so required the decedent to use a greater degree of care for his own protection. This doctrine was laid down in the **40th Ohio State, 338.** In the instant case the record discloses that the decedent was familiar with this crossing; that he had been going over this crossing for sometime to his work; and with conditions existing at this crossing at the time of the accident, it was the plain duty of the decedent to stop and look before passing over the crossing, then how much more negligent is one who goes over a crossing,

344

the view of which is obstructed, in the face of the presence of a crossing watchman with a stop sign in plain view.

A careful examination of all the record in the instant case does not in our opinion warrant the rendering of final judgment in this case, but we do find and hold that upon the whole of the record that error has intervened and that this cause is hereby reversed upon the manifest weight of the evidence.

SHERICK, PJ and MONTGOMERY, J, concur.